IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION



**FILED**

**March 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02-C-01-9701-CR-00033 |
| APPELLEE, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Joseph B. Dailey, Judge |
| CTJUAN D. JAMES, | ) | |
| | ) | (Aggravated Robbery) |
| APPELLANT. | ) | |


FOR THE APPELLANT:

Joseph S. Ozment
Attorney at Law
217 Exchange Avenue
Memphis, TN 38105

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Deborah A. Tullis
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

Terrell L. Harris
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103


OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Ctjuan D. James (defendant), was convicted of three counts of aggravated robbery, a Class B felony, by a jury of his peers. The trial court, finding the defendant to be a standard offender, imposed a Range I sentence consisting of confinement for ten (10) years in the Department of Correction for each count. The court ordered the three sentences to be served concurrently, but consecutive to a prior sentence of fifteen (15) years for an especially aggravated robbery conviction. The defendant presents two issues for review. He contends the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he was guilty of three aggravated offenses beyond a reasonable doubt. He also contends the trial court erred by ordering the sentences in these three convictions to be served consecutively to the sentence in the prior conviction. After a thorough review of the record, the briefs of the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

Bryant J. Ward (Ward), Brandon Eason (Eason), and Derrick Johnson (Johnson) were seniors at Booker T. Washington High School in Memphis. On the morning of February 5, 1994, they went to LeMoyne-Owen College to take the ACT college entrance examination. The test ended shortly before noon.

Ward, Eason, and Johnson began walking to Eason's home. They planned to stop at a record shop before arriving at their destination. When they reached the intersection of Mississippi Boulevard and Edith Street, a blue Nissan Stanza stopped, the defendant and another man exited the vehicle, and the two men approached the victims. The defendant was armed with a sawed-off shotgun. He pointed the gun at Ward's chest and told him to "drop it off," meaning take his coat off and give him any personal property of value.

Ward removed his Orlando Magic jacket and placed it on the sidewalk, along with his pager and headset. Eason removed his Los Angeles Raiders jacket and placed it on the sidewalk. Eighty dollars was taken from Johnson. The defendant's cohort collected the items of personal property, put them in the vehicle, and the defendant and his cohort left in the Nissan Stanza. The victims went to Eason's home and called the police.

On February 18, 1994, the victims attended a lineup. All three victims made a

positive identification of the defendant as the person who had the gun. Johnson made a courtroom identification of the defendant. Ward testified the defendant resembled the gunman, but not his features. At the time of trial, the defendant was wearing glasses, he did not have a full beard, his hair was lighter and it was not braided. Johnson and Eason also identified the defendant in the courtroom, but said his appearance had changed. A police officer testified the features of the defendant had changed. A photograph taken shortly after the robberies was introduced to illustrate some of the facial and hair changes.

## I.

The defendant contends the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he is guilty of three counts of aggravated robbery beyond a reasonable doubt. He bases this contention upon (a) the tentative identification of the defendant by the victims during the trial and (b) the testimony of his mother. The defendant's mother rebutted the testimony of the victims regarding the defendant's facial features, clothing, and hairstyle. This court concludes the defendant seeks to have this court reweigh the trial evidence.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832,

835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

## B.

Before the defendant could be convicted of aggravated robbery in these cases, the state had to prove beyond a reasonable doubt the defendant (a) committed an intentional or knowing theft of property from the victim's person, (b) by putting the victim in fear, and (c) the theft was accomplished with a deadly weapon. Tenn. Code Ann. §§ 39-13-401(a) and -402(a)(1). In this case, the state established these elements beyond a reasonable doubt.

The defendant exited a motor vehicle, exhibited a sawed-off shotgun, and told the victims to give him the valuable property they possessed while a second perpetrator placed the victims' property in the vehicle. All three victims testified they feared the loss of their respective lives. This was the sole reason they readily gave their property to the defendant. All three victims made a positive identification of the defendant after viewing a lineup. Two of the victims made a courtroom identification.

This court is of the opinion the evidence is sufficient to support a finding by a rational trier of fact that the defendant was guilty of three counts of aggravated robbery

4

beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 278, 61 L.Ed.2d 560 (1979).

This issue is without merit.

## II.

The defendant contends the trial court erred by requiring him to serve these convictions consecutively to a prior sentence for especially aggravated robbery. The trial court imposed a Range I sentence of ten (10) years in all three counts. These sentences are to be served consecutively to a fifteen (15) year sentence in a prior case for an effective sentence of twenty-five (25) years. He argues the trial court imposed consecutive sentencing (a) to deter others and (b) to prevent him from having a "free case." He also argues the trial court failed to make findings of fact or state reasons which supported the guidelines set forth in State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

## A.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying. State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App.), per. app. denied (Tenn. 1996).

In conducting a de novo review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401; Ashby, 823 S.W.2d at 169; Butler, 900 S.W.2d at 311. In this case, the defendant has the burden of illustrating the sentences imposed by the trial court are erroneous.

**B.**

In State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), the supreme court established criteria which must be satisfied before a trial court may impose consecutive sentencing when the accused is a dangerous offender. The court said the trial court must find that (a) the accused is a dangerous offender, (b) the length of the sentence reasonably relates to the severity of the crime committed by the accused, and (c) a lengthy sentence is required to protect the public from the accused's future criminal conduct. Id. at 939. The trial court's findings satisfied the criteria.

**(1)**

A "dangerous offender" is an accused "whose behavior indicates little or no regard for human life, and [has] no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4); Wilkerson, 905 S.W.2d at 937. The defendant's conduct meets this definition. Consequently, the defendant is a dangerous offender.

He previously was convicted of especially aggravated robbery. In that case, he was armed with a knife. In this case, he employed a shotgun. He placed the gun in close proximity to Ward's body. These are clearly dangerous offenses. The risk to human life

6

was extremely high. The defendant showed no hesitation about committing these crimes.

**(2)**

The effective sentence of twenty-five (25) years reasonably relates to the severity of the crimes committed, namely, aggravated robbery. This offense is a Class B felony. This classification indicates the Tennessee General Assembly considers aggravated robbery to be a serious offense.

The punishment range for a Class B felony is confinement in the Department of Correction for eight (8) years to thirty (30) years. The actual sentence depends upon the appropriate sentencing range. Tenn. Code Ann. § 40-35-112. The total sentence imposed does not exceed the maximum sentence for a Class B felony.

**(3)**

In this case, a lengthy sentence is required to protect the public from the defendant's future criminal conduct. The defendant, who was twenty-three years of age when he was sentenced, has previously been convicted of especially aggravated robbery, two counts of assault, making a false report, possession of cocaine, and burglary third degree. The trial court commented during the sentencing hearing that the defendant has "got a whole stack of offenses here," meaning pending indictments. The presentence report does not list these crimes.

Previous attempts to assist the defendant's rehabilitation have been unsuccessful. The defendant continued to engage in criminal conduct while on probation. His probation was revoked.

Given these facts, it is apparent from the record that the defendant is now past the rehabilitation stage of his life. Thus, confinement for an extended period of time is necessary "to protect society from [his unwillingness] to lead a productive life and resort to criminal activity in furtherance of [his] anti-social lifestyle." Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976).

This issue is without merit.

7

## CONCLUSION

This court concludes the evidence is sufficient to support a finding by a rational trier of fact that the defendant is guilty of three counts of aggravated robbery beyond a reasonable doubt. Furthermore, the record supports consecutive sentencing.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE